LANDRIEU, Justice ad hoc.
I respectfully dissent.
Judge Winsberg, a highly-respected retired District Court Judge, who has presided over many capital cases, was appointed to hear the petitioner’s application *1038 for post-conviction relief. Judge Winsberg held extensive hearings in which many witnesses testified. Based on those hearings, the record and briefs, he rendered a judgment denying the petitioner’s application to set aside his conviction, but granting the petitioner’s application to set aside his death sentence.
Mr. Bodenheimer, the State’s chief Prosecutor, had a clear conflict of interest both at the time of the defendant’s motion for a new trial and also at the time Mr. Ortiz was sentenced to death. None of this was known to this Court when it considered the petitioner’s appeal 16 years ago.
Considering these facts, which include Mr. Bodenheimer’s changed position in the civil litigation as well as his subsequent, but unrelated, criminal conduct, Judge Winsberg stated in his reasons for judgment, “Under this unusual set of circumstances, the Court cannot conclude with any degree of certainty that the prosecutor’s conflict of interest had no effect on the criminal proceedings.” He went on further to state, “This Court believes it would be remiss in permitting a death sentence to stand under these facts.”
|¡>I do not And that Judge Winsberg erred or abused his discretion in granting the petitioner’s application for post-conviction relief as to his sentence and in remanding the matter to the district court for further proceedings.